## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

QUAVONE REED,

       Plaintiff,

vs.

CITY OF RIVER ROUGE, &
SGT. SERGIO OLIVITO,
Individually and Officially and Jointly and
Severally,

       Defendants.

Case No. 23-cv-10175

Hon.

---

GEOFFREY N. FIEGER (P30441)
KEVIN C. RIDDLE (P57435)
Fieger, Fieger, Kenney & Harrington, P.C.
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555 / (248) 355-5148 - Fax
k.riddle@fiegerlaw.com

---

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

There is no other pending or resolved civil action arising out of the transaction or occurrence as alleged in the Complaint.

/s/ *Kevin C. Riddle*
Kevin C. Riddle, Esq.

{01387634.DOCX}

NOW COMES, Plaintiff, QUAVONE REED, by and through his attorneys, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., and for his Complaint and Jury Demand against the above named Defendants, hereby states as follows:

## **JURISDICTION**

1.      This is a civil action brought pursuant to the Civil Rights Act, 42 U.S.C. § 1981, et seq., seeking monetary and punitive damages against Defendants under 42 U.S.C §1983, and costs and attorney fees under 42 U.S.C. §1988, and pre-judgment and post-judgment interest, all arising from violations of Plaintiff's Fourth Amendment rights of the United States Constitution incorporated to the states via the Fourteenth Amendment.

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3), 1343(a)(4) and 42 U.S.C § 1983.

3.      That Plaintiff brings this suit against each and every Defendant in both their individual and official capacities.

4.      That each and every act of Defendants, as set forth herein, were done by those Defendants under the color and pretense of the statutes, ordinances, regulations, laws and customs, and by virtue of, and under the authority of the color of law, and such actions were performed in the course and scope of employment of each individual Defendant.

5.     The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, excluding interests, costs and attorney fees.

## <u>VENUE</u>

6.     Venue lies in the Eastern District of Michigan pursuant to 28 U.S.C § 1391(d), the events took place in the City of River Rouge, County of Wayne, State of Michigan, which is located within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## <u>PARTIES</u>

7.     At all times relevant to this lawsuit, Plaintiff, QUAVONE REED (hereinafter REED), was a resident of the City of Detroit, County of Wayne, State of Michigan, and was entitled to all the rights, privileges, and immunities accorded to all U.S. citizens and residents of the City of Detroit, the County of Wayne, the State of Michigan and the United States of America.

8.     At all times relevant hereto, Defendant, CITY OF RIVER ROUGE is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

9.     At all times relevant hereto, SGT. SERGIO OLIVITO (hereinafter SGT. OLIVITO), was a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his employment as a police officer for the City of River Rouge.  He is a resident of the State of Michigan.

## FACTUAL STATEMENT

10.     On June 19, 2022, at around 2:43 AM, SGT OLIVITO took over on a pursuit of a fleeing vehicle who was allegedly speeding.  The driver of the vehicle, later identified as REED, turned onto the Schaefer service ramp, and continued onto Southbound Rotunda, when he stopped the vehicle and fled on foot.

11.     On that date and time, SGT OLIVITO pursued REED on foot and observed REED sitting down on a concrete step.  SGT. OLIVITO ordered him to the ground, but REED remained seated.  SGT. OLIVITO proceeded to use his service weapon to strike REED on the head while he remained seated and placed him under arrest.

12.     On that date and time, REED did not threaten officers and was not in possession of a weapon.  The original complaining officer, Officer Issa, reported over the radio that the suspect may have had a weapon, which was later found in the vehicle and not on REED's person at the time of his arrest.

13.     On that date and time, SGT. OLIVITO's actions were clearly caught on the bodycam worn by Sgt. McGee, who was right behind SGT. OLIVITO to offer backup, when SGT. OLIVITO struck REED on the head with his service weapon.

14.     That striking a suspect on the head or face with a service weapon is considered *deadly force* and *excessive force* by all recognized standards for police practice.

{01387634.DOCX}

15.     On that date and time, SGT. OLIVITO believed REED to be passively resisting which amounts to not complying with command, and not in anyway threatening serious bodily harm or death to him or others.

16.     There was no reasonable belief that the officers were in imminent danger of death or great bodily harm or injury at the time of use of force.

17.     The use of force was objectively unreasonable under the circumstances, clearly excessive and constituted an objectively unreasonable seizure.

18.     Upon information and belief SGT. OLIVITO has been suspended as of a result of the incident.

19.     At all times relevant hereto, Plaintiff, REED, sustained numerous injuries which were directly and proximately caused by Defendants' tortious conduct.

20.     At all times relevant hereto, the conduct of the above-named Defendant proximately caused Plaintiff, REED Fourth and Fourteenth Amendment rights to be violated when SGT. OLIVITO, who was acting under the color of state law as an officer employed by the City of River Rouge Police Department, improperly and unlawfully exercised excessive force against Plaintiff, REED.

21.     Upon information and belief, SGT. OLIVITO had a history of using excessive force.

## <u>COUNT I - 42 U.S.C § 1983-EXCESSIVE FORCE</u>
### <u>AGAINST SGT OLIVITO</u>

22.     Plaintiff hereby reincorporates each and every allegation contained in the above paragraphs as if fully set forth herein.

23.     Pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, at all times relevant, Plaintiff had the right to be free from excessive force and objectively unreasonable seizures while under the custody and control of Defendants.

24.     Below are images of Defendant SGT. OLIVITO striking REED in the head with his service weapon as Reed sat on a concrete step:

















25. The acts and/or omissions of Defendant SGT OLIVITO amounted to a seizure and excessive force within the meaning of the Fourth and Fourteenth Amendments, when the Defendants terminated Plaintiff, REED's freedom of movement through means intentionally applied.

26.    At all times relevant hereto, Plaintiff, REED, was in a seated position, was unarmed, and did not pose a threat of safety to Defendants or others.

27.    Under all the circumstances known to Defendants, the physical force used against Plaintiff, REED, was objectively unreasonable and clearly excessive.

28.    Under the circumstances known to SGT. REED, there was no need to use force and certainly no need to use the force defendant did by striking REED on the head with his service weapon.

29.    There were no attempts to limit or temper the amount of force used on REED.

30.    There was no security problem confronted by the officers that justified the use of force.

31.    There was no threat of harm that could reasonably be perceived by defendants as REED was unarmed and in a seated position.

32.    Defendant violated Plaintiff's clearly established right to be free from unreasonable and excessive use of force and unreasonable seizures as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

33.    The acts and/or omissions of Defendant, as outlined above, amounted to an excessive force within the meaning of the Fourth and Fourteenth Amendments.

34.    The conduct of the Defendant was, and remains extreme and outrageous, subjecting him to punitive damages.

35.     The misconduct of Defendant directly and proximately caused Plaintiff, REED, to suffer numerous injuries including, but not limited to:

    a.  Traumatic Brain Injury;

    b.  Contusions, abrasions, bruising, and other injury to the face and head;

    c.  Post traumatic stress disorder;

    d.  Pain and suffering;

    e.  Anxiety;

    f.  Mental anguish;

    g.  Emotional distress;

    h.  Fright and shock;

    i.  Humiliation and/or mortification;

    j.  Economic loss;

    k.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery;

    l.  Exemplary, compensatory and punitive damages allowed under Michigan and federal law;

    n.  Attorney fees and costs, pursuant to 42 US.C. 1988; and,

    o.  Any other damages allowed by law.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in her favor against all Defendant, jointly and severally, and in an amount

greatly in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of costs, interest and attorney fees.

## COUNT II
## 42 U.S.C. § 1983 – MONELL LIABILITY AS TO CITY OF RIVER ROUGE

36.   Plaintiff hereby restates and re-alleges each and every allegation contained in the above paragraphs as if fully set forth herein.

37.   Prior to the incident at issue, there had been instances of excessive force used by police officers from RIVER ROUGE which resulted in the instigation of litigation.

38.   Defendants have failed to train officers regarding the use of force in spite of instances where it has become aware that excessive force was used.

39.   At all times relevant hereto, Defendant failed to train, discipline, monitor and supervise officers regarding the reasonable use of force and reasonable seizures in handling of a suspect who is unarmed, poses no danger and/or encouraged the officers to violate federal and state laws without regard to the constitutional rights of citizens to be free from violations of the Fourth and Fourteenth Amendments to the United States Constitution.

40.   The training provided to SGT. OLIVITO and other officers on the use of force with suspects was inadequate for the tasks performed.

41.    The inadequacy of training on the use of force with suspects was the result of the City of River Rouge's deliberate indifference.

42.    As a result of the inadequacy of the training provided to SGT. OLIVITO and other officers, Plaintiffs was struck in the head with a service weapon.

43.    The risk of injury to a suspect who is struck in the head by a service weapon is so obvious and foreseeable that failure to provide adequate training regarding use of force on suspects amounts to deliberate indifference.

44.    At all times relevant hereto, Defendants refused to provide the officers any training, discipline, policies, procedures and supervision with regard to the constitutional rights of citizens to be free from violations of the Fourth and Fourteenth Amendments to the United States Constitution; refused to provide the officers with supervision and discipline to protect the constitutional rights of citizens; refused to require the officers to follow policies and procedures and state and federal law relating to the right of a suspects to be free of excessive force who is unarmed and poses no danger.

45.    At all times relevant hereto, Defendants knew, or should have known, that the policies, procedures, training supervision and discipline of the officers were inadequate for the tasks that each Defendant was required to perform.

46.    At all relevant times there was custom and practice of the use of force one level above the appropriate response in handling a suspect who is unarmed and poses no danger or threat to others.

47.    At all times relevant hereto, there was a complete failure to train, monitor, supervise and discipline the officers.  As a result of the lack of training, defendant was inadequately prepared to handle an unarmed suspect who posed no risk of harm to others.

48.    At all times relevant hereto, there was a complete failure to train, monitor, supervise and discipline the officers.  The training, supervision and lack of discipline were so reckless, that future violations of the constitutional rights of citizens to be free from violations of the Fourth and Fourteenth Amendments to the United States Constitution, as described in the preceding paragraphs, were certain to occur.

49.    At all times relevant hereto, Defendants were on notice and knew that the failure of training, discipline and/or supervision of the officers with regard to the constitutional rights of citizens to be free from violations of the Fourth and Fourteenth Amendments to the United States Constitution, as described in the preceding paragraphs, were inadequate and would lead to the violation of REED's constitutional rights.

50.     At all times relevant hereto, Defendants response to this knowledge was so inadequate as to show a complete disregard for whether the officers would violate the constitutional rights of citizens to be free from violations of the Fourth and Fourteenth Amendments to the United States Constitution.

51.     Defendants implicitly authorized, approved, or knowingly acquiesced in the excessive force and unreasonable seizures of citizens, and knew, or should have known, that such treatment would deprive individuals of their constitutional rights.

52.     At all times relevant hereto, there was a clear and persistent pattern of violations of citizens' constitutional rights to be free from violations of the Fourth and Fourteenth Amendments to the United States Constitution, as described in the preceding paragraphs.

53.     At all times relevant hereto, Defendants knew, or should have known, that there was a clear and persistent pattern of violations of citizens' constitutional rights to be free from violations of the Fourth and Fourteenth Amendments to the United States Constitution, as described in the preceding paragraphs.

54.     Defendants tolerated the police officers' repeated violations of the Fourth and Fourteenth Amendments to the United States Constitution, which allowed the officers to continue to engage in this unlawful behavior.

55.     Defendants refused to discipline officers who violated citizens' constitutional rights to be free from violations of the Fourth and Fourteenth Amendments to the United States Constitution; failed to fully investigate allegations of misconduct, looked the other way, and thus, tacitly encouraged such behavior.  In doing so, Defendants condoned, ratified or encouraged the officers' staff to violate the Fourth and Fourteenth Amendments to the United States Constitution as a matter of policy.

56.     That the conduct of the aforementioned Defendants, individually, corporately and as agents of said individual Defendants, deprived Plaintiff of his clearly-established rights, privileges, and immunities guaranteed him under the United States Constitution, specifically those set forth under the Fourth and Fourteenth Amendments to same, as evidenced by the following particulars:

    a.     Permitting Plaintiff and other suspects to be subject to excessive force and unreasonable seizure in violation of the Fourth and Fourteenth Amendments;

    b.     Failing to properly train and supervise the individuals within the aforementioned department;

    c.     Tolerating the conduct of individuals within the aforementioned department when it was apparent that there was a pattern of treatment of Plaintiff and other persons in a manner consistent with excessive force and in violation of her Fourth and Fourteenth Amendment protection against excessive force and unreasonable seizures;

    d.     Failing to discipline the individuals within the aforementioned department when it was apparent that they were using excessive force and performing unreasonable seizures

57.    The misconduct of Defendants, directly and proximately caused Plaintiff, REED, to suffer numerous injuries including, but not limited to:

   a.   Traumatic Brain Injury;

   b.   Contusions, abrasions, bruising, and other injury to the face and head;

   c.   Post traumatic stress disorder;

   d.   Pain and suffering;

   e.   Anxiety;

   f.   Mental anguish;

   g.   Emotional distress;

   h.   Fright and shock;

   i.   Humiliation and/or mortification;

   k.   Economic loss;

   l.   Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery;

   m.   Exemplary, compensatory and punitive damages allowed      under Michigan and federal law;

   n.   Attorney fees and costs, pursuant to 42 U.S.C.1988; and,

   o.   Any other damages allowed by law.

   WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment in her favor and against Defendants, jointly and severally, and award an

amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of costs, interest and attorney fees, as well as punitive and exemplary damages.

## COUNT III
## STATE LAW CLAIMS OF ASSAULT AND BATTERY AGAINST SGT. OLIVITO

58.    Plaintiff hereby restates and re-alleges each and every allegation contained in the above paragraphs as if fully set forth herein.

59.    That Defendant SGT. OLIVITO had knowledge of each and every factual allegation set forth above.

60.    That in pursuing Plaintiff in a chase on foot, SGT. OLIVITO undertook and owed a duty to Plaintiff to make reasonable efforts to care for him in a reasonable and prudent manner, to exercise due care and caution, and in such operation as the rules of the common law require and in accordance with the customs, policies and procedures.

61.    That Defendant breached each and every duty owed to Plaintiff.

62.    That notwithstanding the aforementioned duties, the aforementioned Defendant struck Plaintiff in the head with a service weapon, without threat of imminent bodily harm to himself.  In doing so he assaulted Plaintiff.

63.    Defendant had no good faith basis to strike Plaintiff in the head with his service weapon while he remained in a seated position, unarmed.

64.    That the above-described actions amount to assault and battery.

65.    That Defendant SGT. OLIVITO is not entitled to governmental immunity based upon his actions.

66.    That the above-described conduct of the Defendant SGT. OLIVITO, as specifically set forth above, was the proximate cause of Plaintiff's injuries and damages to her, including, but not limited to, the following:

a.  Traumatic Brain Injury;

b.  Contusions, abrasions, bruising, and other injury to the face and head;

c.  Post traumatic stress disorder;

d.  Pain and suffering;

e.  Anxiety;

f.  Mental anguish;

g.  Emotional distress;

h.  Fright and shock;

i.  Humiliation and/or mortification;

j.  Economic loss;

k.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery;

l.  Exemplary, compensatory and punitive damages allowed under Michigan and federal law;

m. Attorney fees and costs, pursuant to 42 U.S.C.1988; and,

     n.  Any other damages allowed by law.

WHEREFORE, Plaintiff requests that this Honorable Court enter a Judgment in favor of Plaintiff and against Defendant in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus costs, interest and attorney fees.

Respectfully submitted,

**Fieger, Fieger, Kenney & Harrington, P.C.**


/s/ Kevin C. Riddle
Kevin C. Riddle P57435
19390 West Ten Mile Road
Southfield, MI 48075-2463
(248) 355-5555
k.riddle@fiegerlaw.com

Dated:  January 23, 2023

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

QUAVONE REED,

      Plaintiff,

vs.

CITY OF RIVER ROUGE, &
SGT. SERGIO OLIVITO,
Individually and Officially and Jointly and
Severally,

      Defendants.

Case No. 23-

Hon.

---

GEOFFREY N. FIEGER (P30441)
KEVIN C. RIDDLE (P57435)
Fieger, Fieger, Kenney &Harrington, P.C.
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555 / (248) 355-5148 - Fax
k.riddle@fiegerlaw.com

---

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, QUAVONE REED, by and through his attorneys,

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., and hereby demands a trial

by jury in the above-captioned matter.

Respectfully submitted,

**Fieger, Fieger, Kenney & Harrington, P.C.**


*/s/ Kevin C. Riddle*
Kevin C. Riddle P57435
19390 West Ten Mile Road
Southfield, MI 48075-2463
(248) 355-5555
k.riddle@fiegerlaw.com

Dated:  January 23, 2023

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

QUAVONE REED

## DEFENDANTS

CITY OF RIVER ROUGE, & SGT. SERGIO OLIVITO

**(b)** County of Residence of First Listed Plaintiff **Wayne**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Wayne**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin C. Riddle (P57435)
Fieger, Fieger, Kenney & Harrington, P C.
19390 West Ten Mile Rd., Southfield, MI 48076-2463 ➕

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

|   |   |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| (Excludes Veterans) | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1981, 42 U.S.C § 1983, 42 U.S.C. §1988 and 28 U.S.C. §§ 1331, 1343 (a)(3), 1343(a)(4)

Brief description of cause:
violation of civil rights

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
January 23, 2023

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____