UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUAVONE REED,

     Plaintiff,

v

CITY OF RIVER ROUGE and
SGT. SERGIO OLIVITO,
Individually and Officially and
Jointly and Severally,

     Defendants.

Case No.  1:23-cv-10175

Hon. Stephen J. Murphy III

Mag. Judge Kimberly G. Altman

---

GEOFFREY N. FIEGER (P30441)
KEVIN C. RIDDLE (P57435)
FIEGER, FIEGER, KENNEY &
HARRINGTON, P.C.
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555
k.riddle@fiegerlaw.com

G. GUS MORRIS (P32960)
**McGRAW MORRIS P.C.**
Attorneys for Def. Olivito
2075 W. Big Beaver Road, Ste. 750
Troy, MI  48084
(248) 502-4000
gmorris@mcgrawmorris.com

---

### DEFENDANT, SGT. SERGIO OLIVITO'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, RELIANCE ON JURY DEMAND, AFFIRMATVE DEFENSES AND CERTIFICATE OF SERVICE

     NOW COMES Defendant, SGT. SERGIO OLIVITO, by and through his attorneys, McGRAW MORRIS, by G. GUS MORRIS, and in answer to Plaintiff's First Amended Complaint state as follows:

1.      This is a civil action brought pursuant to the Civil Rights Act, 42 U.S.C.

§ 1981, et seq., seeking monetary and punitive damages against Defendants under 42

U.S.C §1983, and costs and attorney fees under 42 U.S.C. §1988, and prejudgment

and post-judgment interest, all arising from violations of Plaintiff's Fourth

Amendment rights of the United States Constitution incorporated to the states via the

Fourteenth Amendment.

**ANSWER**: This Defendant acknowledges that Plaintiff has brought an action

pursuant to 42 U.S.C. § 1983, but denies that Plaintiff is entitled to the relief

requested.


2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3),

1343(a)(4) and 42 U.S.C § 1983.

**ANSWER**:  This Defendant does not contest the jurisdiction of this Court.


3.      That Plaintiff brings this suit against each and every Defendant in both

their individual and official capacities.

**ANSWER**:  This Defendant acknowledges he is being sued in his individual capacity

but has no official capacity as that term is understood under the law.


4.      That each and every act of Defendants, as set forth herein, were done by

those Defendants under the color and pretense of the statutes, ordinances, regulations,

laws and customs, and by virtue of, and under the authority of the color of law, and such actions were performed in the course and scope of employment of each individual Defendant.

**ANSWER**:  This Defendant admits that he was acting under color of law and in the course and scope of his employment.

5.     The amount in controversy exceeds Seventy-Five Thousand $75,000.00) Dollars, excluding interests, costs and attorney fees.

**ANSWER**: This Defendant denies each and every allegation contained therein for the reason they are untrue.

## VENUE

6.     Venue lies in the Eastern District of Michigan pursuant to 28 U.S.C § 1391(d), the events took place in the City of River Rouge, County of Wayne, State of Michigan, which is located within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

**ANSWER**:  This Defendant does not contest the venue of this Court.

## PARTIES

7.     At all times relevant to this lawsuit, Plaintiff, QUAVONE REED (hereinafter REED), was a resident of the City of Detroit, County of Wayne, State of Michigan, and was entitled to all the rights, privileges, and immunities accorded to all

U.S. citizens and residents of the City of Detroit, the County of Wayne, the State of Michigan and the United States of America.

**ANSWER**:  This Defendant is without sufficient information or knowledge to form a belief as to the truth of said allegations stated therein.

8.     At all times relevant hereto, Defendant, CITY OF RIVER ROUGE is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

**ANSWER**:  This Defendant need not respond to the allegations as they do not pertain to this Defendant. Further answering said paragraph, Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations.

9.     At all times relevant hereto, SGT. SERGIO OLIVITO (hereinafter SGT. OLIVITO), was a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his employment as a police officer or the City of River Rouge. He is a resident of the State of Michigan.

**ANSWER**:  This Defendant admits the allegations contained therein.

## FACTUAL STATEMENT

10.     On June 19, 2022, at around 2:43 AM, SGT OLIVITO took over on a pursuit of a fleeing vehicle who was allegedly speeding. The driver of the vehicle,

later identified as REED, turned onto the Schaefer service ramp, and continued onto Southbound Rotunda, when he stopped the vehicle and fled on foot.

**ANSWER**: This Defendant admits the allegations contained therein.


11.    On that date and time, SGT OLIVITO pursued REED on foot and observed REED sitting down on a concrete step. SGT. OLIVITO ordered him to the ground, but REED remained seated. SGT. OLIVITO proceeded to use his service weapon to strike REED on the head while he remained seated and placed him under arrest.

**ANSWER**: This Defendant admits that he pursued Reed on foot and further that he ordered Reed to get on the ground and Reed disobeyed the officer's reasonable commands. Further answer said paragraph, Defendant Olivito denies that his service weapon itself struck Reed in the head for the reason it is untrue.


12.    On that date and time, REED did not threaten officers and was not in possession of a weapon. The original complaining officer, Officer Issa, reported over the radio that the suspect may have had a weapon, which was later found in the vehicle and not on REED's person at the time of his arrest.

**ANSWER**: This Defendant admits that he was advised that Reed may have had a weapon and may have threatened a police officer with said weapon, but the remaining allegations are denied for the reason they are untrue.

13.    On that date and time, SGT. OLIVITO's actions were clearly caught on the bodycam worn by Sgt. McGee, who was right behind SGT. OLIVITO to offer backup, when SGT. OLIVITO struck REED on the head with his service weapon.

**ANSWER**: This Defendant states that the body camera footage speaks for itself.

14.    That striking a suspect on the head or face with a service weapon is considered *deadly force* and *excessive force* by all recognized standards for police practice.

**ANSWER**: This Defendant need not respond to the legal conclusions stated therein, but Defendant affirmatively states that all duties required under the law were fulfilled.

15.    On that date and time, SGT. OLIVITO believed REED to be passively resisting which amounts to not complying with command, and not in anyway threatening serious bodily harm or death to him or others.

**ANSWER**: This Defendant denies each and every allegation contained therein for the reason they are untrue.

16.     There was no reasonable belief that the officers were in imminent danger of death or great bodily harm or injury at the time of use of force.

**ANSWER**: This Defendant denies each and every allegation contained therein for the reason they are untrue.

17.     The use of force was objectively unreasonable under the circumstances, clearly excessive and constituted an objectively unreasonable seizure.

**ANSWER**: This Defendant denies each and every allegation contained therein for the reason they are untrue.

18.     As a result of REED'S ethnicity, he was struck in the head with a firearm and had his dreadlocks pulled out.

**ANSWER**: This Defendant denies each and every allegation contained therein for the reason they are untrue.

19.     Upon information and belief, SGT. OLIVITO had a history of using excessive force against African Americans.

**ANSWER**: This Defendant denies each and every allegation contained therein for the reason they are untrue.

20.     Upon information and belief SGT. OLIVITO has been suspended as of a result of the incident.

**ANSWER**:  This Defendant leaves Plaintiff to his proofs.

21.     At all times relevant hereto, Plaintiff, REED, sustained numerous injuries which were directly and proximately caused by Defendants' tortious conduct.

**ANSWER**: This Defendant denies each and every allegation contained therein for the reason they are untrue.

22.     At all times relevant hereto, the conduct of the above-named Defendant proximately caused Plaintiff, REED Fourth and Fourteenth Amendment rights to be violated when SGT. OLIVITO, who was acting under the color of state law as an officer employed by the City of River Rouge Police Department, improperly and unlawfully exercised excessive force against Plaintiff, REED.

**ANSWER**: This Defendant denies each and every allegation contained therein for the reason they are untrue.

23.     Upon information and belief, SGT. OLIVITO had a history of using excessive force.

**ANSWER**: This Defendant denies each and every allegation contained therein for the reason they are untrue.

## COUNT I - 42 U.S.C § 1983-EXCESSIVE FORCE
## AGAINST SGT OLIVITO

24.    Plaintiff hereby reincorporates each and every allegation contained in the above paragraphs as if fully set forth herein.

**ANSWER**: This Defendant hereby states by reference each and every answer to paragraphs 1 through 23 above as though fully set forth herein.

25.    Pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, at all times relevant, Plaintiff had the right to be free from excessive force and objectively unreasonable seizures while under the custody and control of Defendants.

**ANSWER**: This Defendant need not respond to the legal conclusions stated therein, but Defendant affirmatively states that all duties required under the law were fulfilled.

26.    Below are images of Defendant SGT. OLIVITO striking REED in the head with his service weapon as Reed sat on a concrete step:

**ANSWER**: This Defendant states that video footage of the incident speaks for itself.

27.    The acts and/or omissions of Defendant SGT OLIVITO amounted to a seizure and excessive force within the meaning of the Fourth and Fourteenth

Amendments, when the Defendants terminated Plaintiff, REED's freedom of movement through means intentionally applied.

**ANSWER**: This Defendant denies any acts and/or omissions that amounted to excessive force for the reason it is untrue.

28.     At all times relevant hereto, Plaintiff, REED, was in a seated position, was unarmed, and did not pose a threat of safety to Defendants or others.

**ANSWER**:  This Defendant admits that Plaintiff was in a seated position, but the remaining allegations are denied for the reason they are untrue.

29.     Under all the circumstances known to Defendants, the physical force used against Plaintiff, REED, was objectively unreasonable and clearly excessive.

**ANSWER**: This Defendant denies each and every allegation contained therein for the reason they are untrue.

30.     Under the circumstances known to SGT. REED, there was no need to use force and certainly no need to use the force defendant did by striking REED on the head with his service weapon.

**ANSWER**: This Defendant denies each and every allegation contained therein for the reason they are untrue.

31.     There were no attempts to limit or temper the amount of force used on
REED.

**ANSWER**: This Defendant denies each and every allegation contained therein for
the reason they are untrue.


32.     There was no security problem confronted by the officers that justified
the use of force.

**ANSWER**: This Defendant denies each and every allegation contained therein for
the reason they are untrue.


33.     There was no threat of harm that could reasonably be perceived by
defendants as REED was unarmed and in a seated position.

**ANSWER**: This Defendant denies each and every allegation contained therein for
the reason they are untrue.


34.     Defendant violated Plaintiff's clearly established right to be free from
unreasonable and excessive use of force and unreasonable seizures as guaranteed by
the Fourth and Fourteenth Amendments of the United States Constitution.

**ANSWER**: This Defendant denies each and every allegation contained therein for
the reason they are untrue.

35.    The acts and/or omissions of Defendant, as outlined above, amounted to an excessive force within the meaning of the Fourth and Fourteenth Amendments.

**ANSWER**: This Defendant denies any acts or omissions that amounted to excessive force within in the meaning of the Fourth Amendment for the reason it is untrue.

36.    The conduct of the Defendant was, and remains extreme and outrageous, subjecting him to punitive damages.

**ANSWER**: This Defendant denies each and every allegation contained therein for the reason they are untrue.

37.    The misconduct of Defendant directly and proximately caused Plaintiff, REED, to suffer numerous injuries including, but not limited to:

    a.    Traumatic Brain Injury;

    b.    Contusions, abrasions, bruising, and other injury to the face and head;

    c.    Post traumatic stress disorder;

    d.    Pain and suffering;

    e.    Anxiety;

    f.    Mental anguish;

    g.    Emotional distress;

    h.    Fright and shock;

i.     Humiliation and/or mortification;

j.     Economic loss;

k.     Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery;

l.     Exemplary, compensatory and punitive damages allowed under Michigan and federal law;

n.     Attorney fees and costs, pursuant to 42 US.C. 1988; and,

o.     Any other damages allowed by law.

**ANSWER**: This Defendant denies any misconduct occurred and denies each and every allegation contained therein, including all subparagraphs, for the reason they are untrue.


     **WHEREFORE**, Defendant, SGT. SERGIO OLIVITO, respectfully requests this Honorable Court enter an Order of no cause of action as to this Defendant, together with costs and attorney fees so wrongfully sustained.

<u>**COUNT II**</u>
<u>**42 U.S.C. § 1983 – MONELL LIABILITY AS TO**</u>
<u>**CITY OF RIVER ROUGE**</u>

38.    Plaintiff hereby restates and re-alleges each and every allegation contained in the above paragraphs as if fully set forth herein.

**ANSWER**: This Defendant hereby states by reference each and every answer to paragraphs 1 through 37 above as though fully set forth herein.

39.    Prior to the incident at issue, there had been instances of excessive force used by police officers from RIVER ROUGE which resulted in the instigation of litigation.

**ANSWER**:  This Defendant need not respond to the allegations as they do not pertain to this Defendant. Further answering said paragraph, Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations.

40.    Defendants have failed to train officers regarding the use of force in spite of instances where it has become aware that excessive force was used.

**ANSWER**:  This Defendant need not respond to the allegations as they do not pertain to this Defendant. Further answering said paragraph, Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations.

41.    At all times relevant hereto, Defendant failed to train, discipline, monitor and supervise officers regarding the reasonable use of force and reasonable seizures in handling of a suspect who is unarmed, poses no danger and/or encouraged the officers to violate federal and state laws without regard to the constitutional rights of citizens to be free from violations of the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER**:  This Defendant need not respond to the allegations as they do not pertain

to this Defendant. Further answering said paragraph, Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations.

42.   The training provided to SGT. OLIVITO and other officers on the use of force with suspects was inadequate for the tasks performed.

**ANSWER**: This Defendant denies each and every allegation contained therein for the reason they are untrue.

43.   The inadequacy of training on the use of force with suspects was the result of the City of River Rouge's deliberate indifference.

**ANSWER**: This Defendant need not respond to the allegations as they do not pertain to this Defendant. Further answering said paragraph, Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations.

44.   As a result of the inadequacy of the training provided to SGT. OLIVITO and other officers, Plaintiffs was struck in the head with a service weapon.

**ANSWER**: This Defendant need not respond to the allegations as they do not pertain to this Defendant. Further answering said paragraph, Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations.

45.     The risk of injury to a suspect who is struck in the head by a service weapon is so obvious and foreseeable that failure to provide adequate training regarding use of force on suspects amounts to deliberate indifference.

**ANSWER**:  This Defendant need not respond to the allegations as they do not pertain to this Defendant. Further answering said paragraph, Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations.


46.     At all times relevant hereto, Defendants refused to provide the officers any training, discipline, policies, procedures and supervision with regard to the constitutional rights of citizens to be free from violations of the Fourth and Fourteenth Amendments to the United States Constitution; refused to provide the officers with supervision and discipline to protect the constitutional rights of citizens; refused to require the officers to follow policies and procedures and state and federal law relating to the right of a suspects to be free of excessive force who is unarmed and poses no danger.

**ANSWER**:  This Defendant need not respond to the allegations as they do not pertain to this Defendant. Further answering said paragraph, Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations.

47.     At all times relevant hereto, Defendants knew, or should have known, that the policies, procedures, training supervision and discipline of the officers were inadequate for the tasks that each Defendant was required to perform.

**ANSWER**:  This Defendant need not respond to the allegations as they do not pertain to this Defendant. Further answering said paragraph, Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations.

48.     At all relevant times there was custom and practice of the use of force one level above the appropriate response in handling a suspect who is unarmed and poses no danger or threat to others.

**ANSWER**:  This Defendant need not respond to the allegations as they do not pertain to this Defendant. Further answering said paragraph, Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations.

49.     At all times relevant hereto, there was a complete failure to train, monitor, supervise and discipline the officers. As a result of the lack of training, defendant was inadequately prepared to handle an unarmed suspect who posed no risk of harm to others.

**ANSWER**:  This Defendant need not respond to the allegations as they do not pertain to this Defendant. Further answering said paragraph, Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations.

50.    At all times relevant hereto, there was a complete failure to train, monitor, supervise and discipline the officers. The training, supervision and lack of discipline were so reckless, that future violations of the constitutional rights of citizens to be free from violations of the Fourth and Fourteenth Amendments to the United States Constitution, as described in the preceding paragraphs, were certain to occur.

**ANSWER**: This Defendant need not respond to the allegations as they do not pertain to this Defendant. Further answering said paragraph, Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations.

51.    At all times relevant hereto, Defendants were on notice and knew that the failure of training, discipline and/or supervision of the officers with regard to the constitutional rights of citizens to be free from violations of the Fourth and Fourteenth Amendments to the United States Constitution, as described in the preceding paragraphs, were inadequate and would lead to the violation of REED's constitutional rights.

**ANSWER**: This Defendant need not respond to the allegations as they do not pertain to this Defendant. Further answering said paragraph, Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations.

52.    At all times relevant hereto, Defendants response to this knowledge was so inadequate as to show a complete disregard for whether the officers would violate the constitutional rights of citizens to be free from violations of the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER**: This Defendant need not respond to the allegations as they do not pertain to this Defendant. Further answering said paragraph, Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations.

53.    Defendants implicitly authorized, approved, or knowingly acquiesced in the excessive force and unreasonable seizures of citizens, and knew, or should have known, that such treatment would deprive individuals of their constitutional rights.

**ANSWER**: This Defendant need not respond to the allegations as they do not pertain to this Defendant. Further answering said paragraph, Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations.

54.    At all times relevant hereto, there was a clear and persistent pattern of violations of citizens' constitutional rights to be free from violations of the Fourth and Fourteenth Amendments to the United States Constitution, as described in the preceding paragraphs.

**ANSWER**: This Defendant need not respond to the allegations as they do not pertain to this Defendant. Further answering said paragraph, Defendant is without sufficient

information or knowledge to form a belief as to the truth of the remaining allegations.

55.     At all times relevant hereto, Defendants knew, or should have known, that there was a clear and persistent pattern of violations of citizens' constitutional rights to be free from violations of the Fourth and Fourteenth Amendments to the United States Constitution, as described in the preceding paragraphs.

**ANSWER**:  This Defendant need not respond to the allegations as they do not pertain to this Defendant. Further answering said paragraph, Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations.

56.     Defendants tolerated the police officers' repeated violations of the Fourth and Fourteenth Amendments to the United States Constitution, which allowed the officers to continue to engage in this unlawful behavior.

**ANSWER**:  This Defendant need not respond to the allegations as they do not pertain to this Defendant. Further answering said paragraph, Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations.

57.     Defendants refused to discipline officers who violated citizens' constitutional rights to be free from violations of the Fourth and Fourteenth Amendments to the United States Constitution; failed to fully investigate allegations of misconduct, looked the other way, and thus, tacitly encouraged such behavior. In

doing so, Defendants condoned, ratified or encouraged the officers' staff to violate the Fourth and Fourteenth Amendments to the United States Constitution as a matter of policy.

**ANSWER**: This Defendant need not respond to the allegations as they do not pertain to this Defendant. Further answering said paragraph, Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations.

58.    That the conduct of the aforementioned Defendants, individually, corporately and as agents of said individual Defendants, deprived Plaintiff of his clearly-established rights, privileges, and immunities guaranteed him under the United States Constitution, specifically those set forth under the Fourth and Fourteenth Amendments to same, as evidenced by the following particulars:

a.    Permitting Plaintiff and other suspects to be subject to excessive force and unreasonable seizure in violation of the Fourth and Fourteenth Amendments;

b.    Failing to properly train and supervise the individuals within the aforementioned department;

c.    Tolerating the conduct of individuals within the aforementioned department when it was apparent that there was a pattern of treatment of Plaintiff and other persons in a manner consistent with excessive force and in violation of her Fourth and Fourteenth Amendment protection against excessive force and unreasonable seizures;

d.    Failing to discipline the individuals within the aforementioned department when it was apparent that they were using excessive force and performing unreasonable seizures.

**ANSWER**:  This Defendant need not respond to the allegations as they do not pertain to this Defendant. Further answering said paragraph, Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations.

59.   The misconduct of Defendants, directly and proximately caused Plaintiff, REED, to suffer numerous injuries including, but not limited to:

      a.    Traumatic Brain Injury;

      b.    Contusions, abrasions, bruising, and other injury to the face and head;

      c.    Post traumatic stress disorder;

      d.    Pain and suffering;

      e.    Anxiety;

      f.    Mental anguish;

      g.    Emotional distress;

      h.    Fright and shock;

      i.    Humiliation and/or mortification;

      k.    Economic loss;

      l.    Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery;

      m.    Exemplary, compensatory and punitive damages allowed under Michigan and federal law;

n.      Attorney fees and costs, pursuant to 42 U.S.C.1988; and,

o.      Any other damages allowed by law.

**ANSWER**:  This Defendant need not respond to the allegations as they do not pertain to this Defendant. Further answering said paragraph, Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations.

**WHEREFORE**, Defendant, SGT. SERGIO OLIVITO, respectfully requests this Honorable Court enter an Order of no cause of action as to this Defendant, together with costs and attorney fees so wrongfully sustained.

## COUNT III
## STATE LAW CLAIMS OF ASSAULT AND BATTERY
## AGAINST SGT. OLIVITO

60.    Plaintiff hereby restates and re-alleges each and every allegation contained in the above paragraphs as if fully set forth herein.

**ANSWER**: This Defendant hereby states by reference each and every answer to paragraphs 1 through 59 above as though fully set forth herein.

61.    That Defendant SGT. OLIVITO had knowledge of each and every factual allegation set forth above.

**ANSWER**: This Defendant objects to this allegation as improper and denies same for the reason the factual allegations are not entirely accurate and not entirely complete.

62.     That in pursuing Plaintiff in a chase on foot, SGT. OLIVITO undertook and owed a duty to Plaintiff to make reasonable efforts to care for him in a reasonable and prudent manner, to exercise due care and caution, and in such operation as the rules of the common law require and in accordance with the customs, policies and procedures.

**ANSWER**: This Defendant need not respond to the legal conclusions stated therein, but Defendant affirmatively states that all duties required under the law were fulfilled.

63.     That Defendant breached each and every duty owed to Plaintiff.

**ANSWER**: This Defendant denies each and every allegation contained therein for the reason they are untrue.

64.     That notwithstanding the aforementioned duties, the aforementioned Defendant struck Plaintiff in the head with a service weapon, without threat of imminent bodily harm to himself. In doing so he assaulted Plaintiff.

**ANSWER**: This Defendant denies each and every allegation contained therein for the reason they are untrue.

65.     Defendant had no good faith basis to strike Plaintiff in the head with his service weapon while he remained in a seated position, unarmed.

**ANSWER**: This Defendant need not respond to the legal conclusions stated therein, but Defendant affirmatively states that all duties required under the law were fulfilled.

66.    That the above-described actions amount to assault and battery.

**ANSWER**: This Defendant need not respond to the legal conclusions stated therein, but Defendant affirmatively states that all duties required under the law were fulfilled.

67.    That Defendant SGT. OLIVITO is not entitled to governmental immunity based upon his actions.

**ANSWER**: This Defendant denies each and every allegation contained therein for the reason they are untrue.

68.    That the above-described conduct of the Defendant SGT. OLIVITO, as specifically set forth above, was the proximate cause of Plaintiff's injuries and damages to her, including, but not limited to, the following:

      a.    Traumatic Brain Injury;

      b.    Contusions, abrasions, bruising, and other injury to the face and head;

      c.    Post traumatic stress disorder;

    d.      Pain and suffering;

    e.      Anxiety;

    f.      Mental anguish;

    g.      Emotional distress;

    h.      Fright and shock;

    i.      Humiliation and/or mortification;

    j.      Economic loss;

    k.      Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery;

    l.      Exemplary, compensatory and punitive damages allowed under Michigan and federal law;

    m.      Attorney fees and costs, pursuant to 42 U.S.C.1988; and,

    n.      Any other damages allowed by law.

**ANSWER**: This Defendant denies each and every allegation contained therein, including all subparagraphs, for the reason they are untrue.

      **WHEREFORE**, Defendant, SGT. SERGIO OLIVITO, respectfully requests this Honorable Court enter an Order of no cause of action as to this Defendant, together with costs and attorney fees so wrongfully sustained.

<u>**COUNT IV**</u>
<u>**STATE LAW CLAIMS OF ETHNIC INTIMIDATION**</u>
<u>**VIOLATION OF MPC 750.147b**</u>

69.    Plaintiff hereby restates and re-alleges each and every allegation contained in the above paragraphs as if fully set forth herein.

**ANSWER**: This Defendant hereby states by reference each and every answer to paragraphs 1 through 68 above as though fully set forth herein.

70.    At all times relevant hereto, Defendant SGT OLIVITO, with the specific intent to intimidate and/or harass Plaintiff, REED, as a result of his race and/or ethnicity, caused physical contact with REED by striking him in the head and/or face with a firearm and pulling out his dreadlocks.

**ANSWER**: This Defendant denies each and every allegation contained therein for the reason they are untrue.

71.    At all times relevant hereto, Defendant SGT OLIVITO, threatened by word or act, to cause physical contact with Plaintiff, giving rise to a reasonable cause to believe that the act would occur.

**ANSWER**: This Defendant denies each and every allegation contained therein for the reason they are untrue.

72.    The misconduct of Defendant, SGT OLIVITO, directly and proximately caused Plaintiff, REED, to suffer numerous injuries including, but not limited to:

a.    Traumatic Brain Injury;

27

b.     Contusions, abrasions, bruising, and other injury to the face and head;

c.     Post traumatic stress disorder;

d.     Pain and suffering;

e.     Anxiety;

f.     Mental anguish;

g.     Emotional distress;

h.     Fright and shock;

i.     Humiliation and/or mortification;

j.     Economic loss;

k.     Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery;

l.     Exemplary, compensatory and punitive damages allowed under Michigan and federal law;

m.     Attorney fees and costs, pursuant to 42 U.S.C.1988; and,

n.     Any other damages allowed by law.

**ANSWER**: This Defendant denies any misconduct occurred and denies each and every allegation contained therein, including all subparagraphs, for the reason they are untrue.

73.     The acts and/or omissions of Defendant, SGT OLIIVITO, were in violation of MPC 750.147b and thus entitles Plaintiff to an award of treble damages and attorneys fees and costs.

**ANSWER**:  This Defendant need not respond to the legal conclusions stated therein, but Defendant affirmatively states that all duties required under the law were fulfilled.


**WHEREFORE**, Defendant, SGT. SERGIO OLIVITO, respectfully requests this Honorable Court enter an Order of no cause of action as to this Defendant, together with costs and attorney fees so wrongfully sustained.

Respectfully submitted,

**McGRAW MORRIS P.C.**

/s/G. GUS MORRIS
G. GUS MORRIS (P32960)
Attorneys for Def Olivito
2075 W. Big Beaver Road, Ste. 750
Troy, MI  48084
(248) 502-4000
gmorris@mcgrawmorris.com

Dated:  March 16, 2023

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUAVONE REED,

     Plaintiff,                             Case No.  1:23-cv-10175

v                                        Hon. Stephen J. Murphy III

CITY OF RIVER ROUGE and           Mag. Judge Kimberly G. Altman
SGT. SERGIO OLIVITO,
Individually and Officially and
Jointly and Severally,

     Defendants.

---

| GEOFFREY N. FIEGER (P30441) | G. GUS MORRIS (P32960) |
|---|---|
| KEVIN C. RIDDLE (P57435) | **McGRAW MORRIS P.C.** |
| FIEGER, FIEGER, KENNEY & | Attorneys for Def Olivito |
| HARRINGTON, P.C. | 2075 W. Big Beaver Road, Ste. 750 |
| Attorneys for Plaintiff | Troy, MI  48084 |
| 19390 West Ten Mile Road | (248) 502-4000 |
| Southfield, MI 48075 | gmorris@mcgrawmorris.com |
| (248) 355-5555 | |
| k.riddle@fiegerlaw.com | |

---

## **RELIANCE ON JURY DEMAND**

NOW COMES Defendant, SGT. SERGIO OLIVITO, by and through his

attorneys, McGRAW MORRIS, by G. GUS MORRIS, and hereby states his reliance

upon the demand for jury trial previously filed by Plaintiff as to all issues of trial.

Respectfully submitted,

**McGRAW MORRIS P.C.**

/s/G. GUS MORRIS
G. GUS MORRIS (P32960)
Attorneys for Def Olivito
2075 W. Big Beaver Road, Ste. 750
Troy, MI  48084
(248) 502-4000
gmorris@mcgrawmorris.com

Dated:  March 16, 2023

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUAVONE REED,

     Plaintiff,                           Case No.  1:23-cv-10175

v                                         Hon. Stephen J. Murphy III

CITY OF RIVER ROUGE and         Mag. Judge Kimberly G. Altman
SGT. SERGIO OLIVITO,
Individually and Officially and
Jointly and Severally,

     Defendants.

---

GEOFFREY N. FIEGER (P30441)     G. GUS MORRIS (P32960)
KEVIN C. RIDDLE (P57435)         **McGRAW MORRIS P.C.**
FIEGER, FIEGER, KENNEY &       Attorneys for Def Olivito
HARRINGTON, P.C.                2075 W. Big Beaver Road, Ste. 750
Attorneys for Plaintiff            Troy, MI  48084
19390 West Ten Mile Road       (248) 502-4000
Southfield, MI 48075             gmorris@mcgrawmorris.com
(248) 355-5555
k.riddle@fiegerlaw.com

---

## **AFFIRMATIVE DEFENSES**

     NOW COMES Defendant, SGT. SERGIO OVLIVITO, by and through his

attorneys, McGRAW MORRIS, by G. GUS  MORRIS, and affirmatively avers as

follows:

     1.    That the individual Defendant herein was at all times acting in the belief

that his actions were lawful and within the bounds of the Constitution and objectively

reasonable. Therefore, this Defendant is entitled to qualified immunity.

2.      That any injury suffered by Plaintiff was due to and caused by the failure of the Plaintiff to engage in conduct consistent with the appropriate standard of care under the circumstances, and said conduct was the proximate cause of the injury, if any, to Plaintiff.

3.      That force, if any, used on Plaintiff was reasonable and necessary under the circumstances to effect the arrest of Plaintiff and to protect the Defendant from the threat of an unlawful assault and battery committed by the Plaintiff on the Defendant.

4.      That the actions of this Defendant was based on probable cause and are therefore privileged.

5.      That the Plaintiff failed to mitigate damages.

6.      That Defendant is protected by governmental immunity pursuant to Ross v Consumers Power, 420 Mich 567 (1984) and Odom v Wayne County, et al, 480 Mich 1184; 747 NW2d 249 (2008), Docket #133433.

7.      That Defendant is protected by governmental immunity pursuant to 1986 P.A. 175; MCLA 691.1401 et seq.

8.      Plaintiff has failed to join every claim that he has against Defendant.

9.      That Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

10.     That Plaintiff is estopped from bringing this lawsuit.

11.     That Plaintiff's claims are barred by <u>res</u> <u>judicata</u>.

12.     That this Defendant reserves the right to assert and file any affirmative and/or special defenses that may become known through discovery or otherwise.

Respectfully submitted,

**McGRAW MORRIS P.C.**

/s/G. GUS MORRIS
G. GUS MORRIS (P32960)
Attorneys for Def Olivito
2075 W. Big Beaver Road, Ste. 750
Troy, MI  48084
(248) 502-4000
gmorris@mcgrawmorris.com

Dated:  March 16, 2023

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUAVONE REED,

     Plaintiff,                         Case No.  1:23-cv-10175

v                                   Hon. Stephen J. Murphy III

CITY OF RIVER ROUGE and        Mag. Judge Kimberly G. Altman
SGT. SERGIO OLIVITO,
Individually and Officially and
Jointly and Severally,

     Defendants.

---

| | |
|---|---|
| GEOFFREY N. FIEGER (P30441) | G. GUS MORRIS (P32960) |
| KEVIN C. RIDDLE (P57435) | **McGRAW MORRIS P.C.** |
| FIEGER, FIEGER, KENNEY & | Attorneys for Def Olivito |
| HARRINGTON, P.C. | 2075 W. Big Beaver Road, Ste. 750 |
| Attorneys for Plaintiff | Troy, MI  48084 |
| 19390 West Ten Mile Road | (248) 502-4000 |
| Southfield, MI 48075 | gmorris@mcgrawmorris.com |
| (248) 355-5555 | |
| k.riddle@fiegerlaw.com | |

---

## **CERTIFICATE OF SERVICE**

    I hereby certify that on March 16, 2023, I caused to be electronically served the foregoing ANSWER TO FIRST AMENDED COMPLAINT, RELIANCE ON JURY DEMAND, AFFIRMATIVE DEFENSES and CERTIFICATE OF SERVICE on behalf of Defendant, SERGIO OLIVITO, with the Clerk of the Court using the ECF system that will send notification of such filing to the email addresses denoted on the

Electronic Mail Notice List.

Respectfully submitted,

**McGRAW MORRIS P.C.**

/s/G. GUS MORRIS
G. GUS MORRIS (P32960)
Attorneys for Def Olivito
2075 W. Big Beaver Road, Suite 750
Troy, MI  48084
(248) 502-4000
gmorris@mcgrawmorris.com