UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUAVONE REED,

       Plaintiff,

vs

CITY OF RIVER ROUGE, and
SGT. SERGIO OLIVITIO, individually
and officially and jointly and severally,

       Defendants.

Case No. 2:23-cv-10175
Hon. Stephen J. Murphy III

---

FIEGER, FIEGER, KENNEY & HARRINGTON P.C.
GEOFFREY N. FIEGER (P30441)
KEVIN C. RIDDLE (P57435)
Attorneys for Plaintiff
19390 W. Ten Mile Road
Southfield, Michigan 48075
(248) 355-5555 / Fax (248) 355-5148
k.riddle@fiegerlaw.com

McGRAW MORRIS P.C.
G. GUS MORRIS (P32960)
Attorneys for Defendant Olivito
2075 W. Big Beaver Road, Ste. 750
Troy, MI 48084
(248) 502-4000
gmorris@mcgrawmorris.com

POTTER, DeAGOSTINO, O'DEA & CLARK
STEVEN M. POTTER (P33344)
ROBERT C. CLARK (P76359)
TREVOR S. POTTER (P84253)
LAYLA R. SIZEMORE (P85502)
Attorneys for Def City of River Rouge
2701 Cambridge Court, Suite 223
Auburn Hills, MI 48326
(248) 377-1700 / Fax (248) 377-0051
spotter@potterlaw.com
rclark@potterlaw.com
tpotter@potterlaw.com
lsizemore@potterlaw.com

---

## DEFENDANT, CITY OF RIVER ROUGE'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, RELIANCE UPON JURY DEMAND and AFFIRMATIVE DEFENSES

1

NOW COMES Defendant, CITY OF RIVER ROUGE, by and through its attorneys, POTTER, DeAGOSTINO, O'DEA & CLARK, and for their Answer to Plaintiff's First Amended Complaint and Affirmation of Jury Demand, hereby state as follows:

## JURISDICTION

1. Defendant states that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendant denies the allegations contained in this paragraph.

2. Defendant admits the allegations contained therein.

3. Defendant states that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendant denies the allegations contained in this paragraph.

4. Defendant states that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendant denies the allegations contained in this paragraph.

5. Defendant lacks sufficient information or knowledge upon which to admit the allegations contained therein and therefore denies same.

## VENUE

6. Defendant admits the allegations contained therein.

7. Defendant lacks sufficient information or knowledge upon which to admit the allegations contained therein and therefore denies same.

8. Defendant admits the allegations contained therein.

9. Defendant lacks sufficient information or knowledge upon which to admit the allegations contained therein and therefore denies same.

## FACTUAL STATEMENT

10. Defendant lacks sufficient information or knowledge upon which to admit the allegations contained therein and therefore denies same.

11. Defendant lacks sufficient information or knowledge upon which to admit the allegations contained therein and therefore denies same.

12. Defendant lacks sufficient information or knowledge upon which to admit the allegations contained therein and therefore denies same.

13. Defendant lacks sufficient information or knowledge upon which to admit the allegations contained therein and therefore denies same.

14. Defendant lacks sufficient information or knowledge upon which to admit the allegations contained therein and therefore denies same.

15. Defendant lacks sufficient information or knowledge upon which to admit the allegations contained therein and therefore denies same.

16. Defendant lacks sufficient information or knowledge upon which to

admit the allegations contained therein and therefore denies same.

17. Defendant denies the allegations contained therein for the reason that same are untrue.

18. Defendant lacks sufficient information or knowledge upon which to admit the allegations contained therein and therefore denies same.

19. Defendant denies the allegations contained therein for the reason that same are untrue.

20. Defendant admits the allegations contained therein.

21. Defendant lacks sufficient information or knowledge upon which to admit the allegations contained therein and therefore denies same.

22. Defendant lacks sufficient information or knowledge upon which to admit the allegations contained therein and therefore denies same.

23. Defendant denies the allegations contained therein for the reason that same are untrue.

### COUNT I - 42 U.S.C § 1983 - EXCESSIVE FORCE
### AGAINST SGT. OLIVITO

24. Defendant repeats and realleges Paragraphs 1 through 23 of its Answer as though fully set forth herein.

25. No answer is required of this Defendant.

26. No answer is required of this Defendant.

27. No answer is required of this Defendant.

28. No answer is required of this Defendant.

29. No answer is required of this Defendant.

30. No answer is required of this Defendant.

31. No answer is required of this Defendant.

32. No answer is required of this Defendant.

33. No answer is required of this Defendant.

34. No answer is required of this Defendant.

35. No answer is required of this Defendant.

36. No answer is required of this Defendant.

37. (a-o). No answer is required of this Defendant.

## COUNT II - 42 U.S.C § 1983 - MONELL LIABILITY
## AS TO CITY OF RIVER ROUGE

38. Defendant repeats and realleges Paragraphs 1 through 37 of its Answer as though fully set forth herein.

39. Defendant lacks sufficient information or knowledge upon which to admit the allegations contained therein and therefore denies same.

40. Defendant denies the allegations contained therein for the reason that same are untrue.

41. Defendant denies the allegations contained therein for the reason that same are untrue.

42. Defendant denies the allegations contained therein for the reason that same are untrue.

43. Defendant denies the allegations contained therein for the reason that same are untrue.

44. Defendant denies the allegations contained therein for the reason that same are untrue.

45. Defendant states that this paragraph calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendant denies the allegations contained in this paragraph.

46. Defendant denies the allegations contained therein for the reason that same are untrue.

47. Defendant denies the allegations contained therein for the reason that same are untrue.

48. Defendant denies the allegations contained therein for the reason that same are untrue.

49. Defendant denies the allegations contained therein for the reason that same are untrue.

50. Defendant denies the allegations contained therein for the reason that same are untrue.

51. Defendant denies the allegations contained therein for the reason that same are untrue.

52. Defendant denies the allegations contained therein for the reason that same are untrue.

53. Defendant denies the allegations contained therein for the reason that same are untrue.

54. Defendant denies the allegations contained therein for the reason that same are untrue.

55. Defendant denies the allegations contained therein for the reason that same are untrue.

56. Defendant denies the allegations contained therein for the reason that same are untrue.

57. Defendant denies the allegations contained therein for the reason that same are untrue.

58. (a-d). Defendant denies the allegations contained therein for the reason that same are untrue.

59. (a-o). Defendant denies the allegations contained therein for the reason that same are untrue.

### COUNT III - STATE LAW CLAIMS OF ASSAULT AND BATTERY AGAINST SGT. OLIVITO

60. Defendant repeats and realleges Paragraphs 1 through 59 of its Answer as though fully set forth herein.

61. No answer is required of this Defendant.

62. No answer is required of this Defendant.

63. No answer is required of this Defendant.

64. No answer is required of this Defendant.

65. No answer is required of this Defendant.

66. No answer is required of this Defendant.

67. No answer is required of this Defendant.

68. (a-n). No answer is required of this Defendant.

### COUNT IV - STATE LAW CLAIMS OF ETHNIC INTIMIDATION VIOLATION OF MPC 750.147b

69. Defendant repeats and realleges Paragraphs 1 through 68 of its Answer as though fully set forth herein.

70. No answer is required of this Defendant.

71. No answer is required of this Defendant.

72. (a-n). No answer is required of this Defendant.

73. No answer is required of this Defendant.

WHEREFORE, Defendant respectfully request that this Honorable Court dismiss Plaintiff's Complaint and award Defendant its costs, interest and attorney fees so wrongfully incurred.

Dated: March 16, 2023

s/STEVEN M. POTTER (P33344)
POTTER, DeAGOSTINO, O'DEA & CLARK
Attorneys for Defendant City of River Rouge
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
spotter@potterlaw.com

## **RELIANCE UPON JURY DEMAND**

NOW COME Defendant, CITY OF RIVER ROUGE, by and through its attorneys, POTTER, DeAGOSTINO, O'DEA & CLARK, and hereby rely upon the Demand for Jury filed by Plaintiff in the above-entitled cause.

Dated: March 16, 2023

s/STEVEN M. POTTER (P33344)
POTTER, DeAGOSTINO, O'DEA & CLARK
Attorneys for Defendant City of River Rouge
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
spotter@potterlaw.com

## **AFFIRMATIVE DEFENSES**

NOW COME Defendant, CITY OF RIVER ROUGE, by and through its attorneys, POTTER, DeAGOSTINO, O'DEA & CLARK, and hereby submit the following as their affirmative defenses:

1. That Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

2. That Plaintiff's Complaint is barred by the doctrine of governmental immunity.

3. That Defendant asserts the defense of qualified immunity based upon good faith efforts in carrying out their duties.

4. That Defendant's conduct was at all times undertaken in good faith.

5. That Defendant's conduct was at all times reasonable under the circumstances presented.

6. That the doctrine of absolute immunity bars Plaintiff's claims as to these Defendant.

7. That to the extent Plaintiff's federal claims allege vicarious liability, they are barred.

8. That Defendant's actions as described in the Complaint do not meet the definition of gross negligence as described in MCLA 691.1407.

9. That to the extent Plaintiff's federal claims allege *respondeat superior*, they are barred.

10. That Plaintiff's Complaint is barred for the reason that Plaintiff has failed to allege the deprivation of a specific constitutional right.

11. That Plaintiff's arrest was supported by probable cause.

12. That Plaintiff's Complaint is barred because of release, prior judgment, statute of limitations, statute of frauds, and/or assignment or other disposition of the claim before the commencement of the action.

13. Plaintiff has failed to mitigate his damages.

14. That Defendant reserves the right to amend these affirmative defenses in accordance with federal procedural law.

Dated: March 16, 2023

s/STEVEN M. POTTER (P33344)
POTTER, DeAGOSTINO, O'DEA & CLARK
Attorneys for Defendant City of River Rouge
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
spotter@potterlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all participating attorneys.

                         s/STEVEN M. POTTER (P33344)
                         Attorney for Defendant City of River Rouge
                         2701 Cambridge Court, Suite 223
                         Auburn Hills, Michigan 48326
                         (248) 377-1700
                         spotter@potterlaw.com